STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| Long View Investments Site Plan Application | } | Docket No. 197-9-05 Vtec |
| (Appeal of Long View Investments, LLP) | } | |
| | } | |

Decision and Order on Motion to Alter

Appellant-Applicant Long View Investments, LLP (Appellant-Applicant) appealed from a decision of the Planning Commission of the Village of Manchester, denying Appellant-Applicant's application for site plan approval for a fourteen-unit condominium development. Appellant-Applicant is represented by A. Jay Kenlan, Esq.; and the Village is represented by W. Michael Nawrath, Esq. Interested Persons Sally C. McVie, Charles Pufahl, Muriel Pufahl, Dorothy Costabile, Gary A. Everson, William W. Hichborn, Jr., Graceann Hichborn, Lila Silverman, Gilbert B. Silverman, Mary R. Giolito, R.J. Giolito, and the Longview Farms Homeowners Association entered their appearance and represent themselves, but did not file memoranda on the pending motions.

The Planning Commission denied the application on the basis, as described in a letter from the Zoning Administrator, that the proposed development "departs so far from Guideline provisions for area compatibility, in terms of siting, scale, massing and detailing, that denial was mandated." On April 24, 2006, the Court ruled on Appellant-Applicant's motion for summary judgment on the issue of deemed approval and on the Village's request for remand of the appeal to the Planning Commission for its reconsideration under V.R.E.C.P. 5(i). The Court denied summary judgment on deemed approval, but vacated the underlying denial decision and remanded it to the Planning Commission for it to issue a revised decision meeting the requirements of the statute, or for it to reopen its hearing on the underlying application. The Court's Decision and Order recognized that:

1

Appellant-Applicant is correct that the Planning Commission decision was deficient, at best. Decisions of the Planning Commission made after September 1, 2005[1] are required to be issued in writing and are required to "include a statement of the factual bases on which" the Planning Commission "made its conclusions and a statement of the conclusions." 24 V.S.A. §4464(b)(1). The statute provides that the minutes of the meeting may be sufficient to constitute this written decision, but the minutes must then provide the "factual bases and conclusions relating to the review standards" in conformance with 24 V.S.A. §4464(b)(1). Neither the minutes of the meeting nor the Zoning Administrator's letter meets this standard; moreover, the Zoning Administrator's letter cannot be considered as a decision of the Planning Commission, but only as notification of the decision.

The Court's April 24, 2006 decision did not address the merits of the Planning Commission's decision; rather, it noted that neither the regulations applicable to site plan approval nor the design guidelines have been provided to the Court. Moreover, the six questions in the then-existing Statement of Questions related only to deemed approval and the adequacy or inadequacy of the Planning Commission's decision under the current zoning enabling statute, not to the merits of the application regarding the Design "Guideline provisions for area compatibility, in terms of siting, scale, massing and detailing."

Appellant-Applicant has moved to alter or reconsider the decision, on the basis that the Planning Commission had failed to take either action contemplated by the April 24, 2006 Court Order.

There is no question that this Court expected the Planning Commission either to issue a revised written decision better meeting the minimal requirements of the statute, or to reopen its hearing, take further evidence, and then issue a decision complying with the statute. The Court, in turn, committed itself to expediting any appeal that would arise out

[1] The effective date section of the 2004 statutory changes is found in Section 119 of Act No. 115, as corrected by Section 296(1)(a)(2) and (3) of Act No. 296.

of the remanded proceedings. In retrospect, of course, it would have been better for the Court to have set specific deadlines for the remanded proceedings. At most, the Planning Commission would have been entitled to start its 45-day clock running again from the date of the remand order. The Village has not even filed any response to the motion to alter that would attempt to explain what action the Planning Commission has or has not taken after its requested remand, why it has not acted, or why the motion to alter should not be granted.

Accordingly, the Motion to Alter is hereby GRANTED in part, in that the April 24, 2006 grant of the Village's motion to remand is VACATED, and the appeal is reinstated. As all the issues in the existing statement of questions were addressed in the April 24, 2006 order, on or before Friday, July 28, 2006, Appellant may file any amendments to its statement of questions to add any issues relating to the merits of the application, in particular as to the Design Guidelines and whether the proposal meets their provisions relating to compatibility with the area, in terms of siting, scale, massing and detailing. We will hold a telephone conference on July 31, 2006 (see enclosed notice) to discuss the scheduling of the merits of those issues in this matter for trial. The parties should be prepared to state their availability to be called in at short notice for a merits hearing as backup on any of the following three dates already scheduled for other matters at Bennington District Court: August 15, 2006; September 11, 2006; or September 12, 2006; as well as to discuss scheduling a date certain.

Done at Berlin, Vermont, this 19ᵗʰ day of July, 2006.

_____
Merideth Wright
Environmental Judge